Johnson, C. J., delivered the opinion of the court. The plaintiff in error contends that the court below erred; 1st In giving the instructions asked for by the defendant; and 2d, In refusing those desired by himself. We deem.it unimportant to notice more than one of these assignments, as the decision of the one necessarily disposes of the other. The first section of chapter 126 of the Revised Statutes, provides that “whenever any goods or chattels. ar.e unlawfully taken or unlawfully detained, an action of replevin may be brought by the person having the right of possession, .and for the recovery of the damages sustained bj? reason of the unjust caption or detention.” In the case of Trapnall vs. Hattier, ante 18, this court, when speaking in reference to this statute, said that, “In this section two distinct classes of cases are mentioned, for each of which the statute has prescribed a distinct and substantive remedy, 1st, where chattels are wrongfully taken, and 2d, where they are wrongfully detained. We can regard the statute in reference to the first class of caaes in no other light than as a re-enactment of the common law; but for the second a new statutory remedy is given, applicable to cases where, from peculiar circumstances, .the plaintiff cannot be compensated in damages for the chattels, .and for which the .ordinary action of replevin will not lie; and also that the plaintiff may not be compelled to trust to the solvency of the defendant as in trespass, trover and other actions, of like character. It is clear that under this construction of the statute, the remedy provided by i.t in all cases where a wrongful caption- or taking is complained of, is the common law action of replevin, applicable to the same cases, subject to the. same pleas, and requiring the same proofs, and that the remedy given in cases of unlawful detention is a new remedy resting alone upon the statute for its support, dependent upon it for its existence, and when adopted must be strictly pursued.” The defendant in error had his choice either to pursue the remedy .pointed out by the common law, or to adopt that provided by the stat-ule for the wrongful detention. ' lie has elected to pursue the common law remedy, and must consequently be held to the proof necessary to support that form of action. In Pangburn vs. Partridge, 7 John. Rep. 143, Mr. Justice Van Ness, in delivering the opinion .of the court, said that'“possession .of the plaintiff and an actual wrongful taking of the defendant are the only points 'requisite to support the action, and also that the old authorities are that reple-vin lies for goods taken tortiously, or by a trespasser, and that the .party injured may have replevin or trespass at his election. This is replevin in the cepii, to which the plea of non cepil was pleaded, and upon which issue was joined. Under the issue thus formed, the fact of the tortious taking is .clearly and of necessity brought •into litigation. If this view of the law be correct, and that it is we entertain no doubt, then it is manifest that the circuit court prred in instructing the jury that the plaintiff below was not bound •to prove a taking of the property in controversy. Judgment reversed.,